PHILLIP A. TALBERT
United States Attorney
JASON HITT
AARON D. PENNEKAMP
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:22-mj-00073-DB |
|---|---|
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER REGULATING DISCOVERY |
| v. | |
| KENNETH CASPERS, JR., | FED. R. CRIM. P. 16(d)(1) |
| Defendant. | |

Pursuant to Fed. R. Crim. P. 16(d), the undersigned parties in *United States v. Caspers*, 2:22-mj-00073-DB, stipulate and agree, and respectfully request that the Court order that:

1. For the reasons set forth below, the parties hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information of real persons and other confidential information of victims, witnesses, and/or third parties.

2. As part of its investigation in the above-captioned case, the United States is in possession of documents relating to the charges against the defendant (as well as charges that concern defendants in related cases) and seeks to provide those documents to counsel for the defendant. Some of the materials may exceed the scope of the government's discovery obligations, but those materials nevertheless will be produced to promote a prompt and just resolution or trial of the case.

3. The United States intends to produce to the Defense Team, as defined below, materials containing personal identifying information ("PII") and other confidential information of real persons, including, among other things, personal names, addresses, Social Security numbers, employers, and bank account numbers. Some of the people in these documents are victims, witnesses, or third parties to this case, and some of these people are defendants, witness, or third parties in related cases.

4. The parties agree that the purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the PII of others.

5. Due to the nature of the charges and the alleged conduct in this case, PII appears in a significant part of the discovery materials in this case. The documentary evidence contains a quantity of privacy-protected information that would be difficult or time-consuming to redact. Further, if the government were to attempt to redact all this information, such a process could inhibit prompt and just resolution of the case or preparation for trial.

6. Accordingly, the parties jointly request a Protective Order that will permit the United States to produce discovery that is unredacted. The parties agree that the conditions described below, if ordered by the Court in the proposed Protective Order, will serve the parties' interests in maintaining the privacy of third parties, while permitting the defendant to understand the government's evidence against the defendant.

7. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and Local Rule 141.1.

///
///
///
///
///
///
///
///
///

STIPULATION AND [PROPOSED] ORDER REGULATING DISCOVERY       2

**~~PROPOSED~~ PROTECTIVE ORDER**

**A.     Protected Materials**

1. This Order pertains to all discovery provided or made available to defense counsel in this case (hereafter, collectively "Protected Materials") beginning with discovery bates numbered HAMC_00000001, and any discovery produced thereafter.

2. For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7) or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).

3. To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

**B.     Defense Team**

4. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel(s) of record.

5. For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts (including, but not limited to, mitigation specialists and their staff), and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case.  The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

6. Defense Counsel must provide a copy of this Order to all members of the Defense Team.  Defense Counsel must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Protected Materials to the members of the Defense Team.  The written acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

**C.      Disclosure of Protected Materials**

7.      The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendant(s) themselves.  No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case.

8.      All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, post-trial, and appellate proceedings (both direct and collateral), and in this criminal action.  All Protected Materials shall be used for no other purposes whatsoever and shall not be used for the economic or other benefit of the defendant(s) or any third party.  Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

9.      Defendant(s) may review Protected Materials in this case only in the presence of a member of the Defense Team, and his or her Defense Counsel shall ensure that each defendant is never left alone with any Protected Information.  Defendant(s) may not copy, keep, maintain, or otherwise possess any of such Protected Materials at any time.  Defendant(s) must return any Protected Materials to the Defense Team at the conclusion of any meeting at which defendant(s) review the Protected Materials.  Defendant(s) may not take any Protected Materials out of the room in which they are meeting with the Defense Team.

10.     Defendant(s) may not write down or memorialize any PII contained in the Protected Materials.  At the conclusion of any meeting with defendant(s), the member of the Defense Team present shall take with him or her all Protected Materials.  At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendant, whether or not he is incarcerated, except as provided below.

11.     If, during the pendency of the case, defendant(s) request a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures that all PII contained in the Protected Materials is fully redacted and the copy bears the inscription as described in Paragraph 18, below.  If Defense Counsel provides a redacted copy to defendant(s) subject to these conditions, Defense Counsel or a member of the Defense Team must contemporaneously memorialize in writing that it has fully redacted

PII from the Protected Materials and complied with this Order. This written certification need not be disclosed or produced to the United States unless ordered by the Court.

12. The Defense Team may review Protected Materials with a witness or potential witness in this case, including the defendant, subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to the defendant. Before being shown any portion of the Protected Materials, however, any witness or potential witness must be informed of the existence of the Protective Order and given a copy of the Protective Order. No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

13. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

14. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

**D.  Ensuring Security of Protected Materials**

15. The Defense Team shall maintain the Protected Materials safely and securely and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

16. A copy of the Protective Order must be stored with the discovery, in paper form and electronically.

17. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

///

18. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped, or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

E. **Filings**

19. In the event that a party needs to file Protected Materials containing PII, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose PII or Tax Information in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII, or confidential materials and make all reasonable attempts to limit the divulging of PII or confidential materials.

F. **Conclusion of Prosecution**

20. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

21. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government or certify in writing that the Protected Materials have been destroyed. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

22. If, upon final disposition of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures that all PII and Tax Information contained in the Protected Materials is fully redacted and the copy bears the inscription as described in Paragraph 18. If

Defense Counsel provides a redacted copy to defendant subject to the above conditions, Defense Counsel or a member of the Defense Team must contemporaneously attest in writing that it has fully redacted PII from the Protected Materials and complied with this Order.  This written certification need not be disclosed or produced to the United States unless ordered by the Court.

### G. Termination or Substitution of Counsel

23. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel.  New defense counsel then will become Defense Counsel for purposes of this Protective Order, and will become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraph 22, above.  All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H. Modification of Order

24. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper.  Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### I. Violation of Order

25. Any person who willfully violates this Order may be held in contempt of court and may subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

///
///
///
///
///
///

STIPULATION AND [PROPOSED] ORDER REGULATING DISCOVERY   7

**J.    Application of Laws**

26. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

27. Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Respectfully Submitted,

PHILLIP A. TALBERT
United States Attorney

Dated: January 13, 2022

*/s/Aaron D. Pennekamp*
JASON HITT
AARON D. PENNEKAMP
Assistant U.S. Attorneys

Dated: January 13, 2022

*/s/ David Fischer*
DAVID FISCHER
Counsel for Defendant KENNETH CASPERS, JR.

**FINDINGS AND ORDER**

The Court, having read and considered the Stipulation and Joint Request for a Protective Order, which is incorporated by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

**IT IS SO FOUND AND ORDERED.**

DATED: January 13, 2023

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE